### R. R. Dancy & Co. v. T. F. Skidmore.

Decided May 24, 1899.

1. **Garnishment After Judgment—Answer—Contest of Garnishee's Indebtedness by Judgment Debtor.**

A judgment debtor can not be heard to complain that a garnishee, held liable on answer as indebted to him, was not so indebted, but owed the debt to another, not a party to the proceeding.

2. **Same.**

A plaintiff having judgment against D. (as D. & Co., in which name he had contracted the debt), garnisheed a bank, which admitted a debt to D. & Co. and was held liable as garnishee. D. appeared in the garnishment proceedings and appealed from the judgment, claiming that the bank's indebtedness was not to himself, but to a firm composed of himself and one S., who was not a party to the proceeding, doing business as D. & Co.; Held, that D. could not complain of the judgment.

Appeal from the County Court of McLennan. Tried below before F. M. Maxwell, Esq., Special Judge.

*Sanford & Lee,* for appellants.

*L. W. Campbell,* for appellee.

Key, Associate Justice.—According to the statement in appellant's brief, this is a garnishment proceeding against the First National Bank of McGregor, growing out of a former case, in the court below, styled No. 4057, T. F. Skidmore v. R. R. Dancy & Co., a firm composed of R. R. Dancy alone.

The bank, as garnishee, answered, admitting that it was indebted to the defendants in the sum of $360.21, and that it held in trust for said defendants a receipt for two bales of cotton. This answer was filed before the return day of the writ of garnishment, but after the return day the garnishee filed an amended answer, stating the same facts, with the addition that the garnishee was still indebted to the defendants in the sum stated, and still held the receipt for the two bales of cotton.

The defendant in the original cause filed a verified answer, controverting the answer of the garnishee, alleging that the funds and effects in the garnishee's hands and covered by its answer were not the property of R. R. Dancy & Co., defendant in the original cause No. 4057, but belonged to the firm of R. R. Dancy & Co., a copartnership composed of R. R. Dancy and T. F. Stubbs.

The issues thus presented by the pleadings were submitted by the court to the jury, and the trial resulted in a verdict and judgment for the plaintiff against the First National Bank of McGregor, garnishee. R. R. Dancy & Co., or more properly speaking, R. R. Dancy, defendant in the original suit, has appealed. The bank has not appealed, and seems to be content with the judgment.

Neither T. F. Stubbs nor the firm composed of R. R. Dancy and T. F. Stubbs were parties to the proceedings in the court below, nor are they complaining in this court. As a matter of fact, the only complaints in the court below or in this court are made by R. R. Dancy (under the name of R. R. Dancy & Co.), the real defendant in the original suit out of which the garnishment suit sprang; and he is making the contention that the garnishee does not owe him anything, and does not hold in its possession any effects belonging to him. He does not deny that he owes the plaintiff, Skidmore, but objects to his debt being paid by the bank, although the bank admits that it owes him the money; the objection being that, as a matter of fact, the bank does not owe the money to him, but owes it to a firm of which he is a member, and which firm is not a party to this proceeding, and the other member of which will not be bound by this judgment.

We do not think that Dancy can be heard to object to the bank paying his debt, although the bank may in fact owe him nothing. Such action on the part of the bank can not injure him.

Therefore we hold that, although errors may have been committed in the trial of the garnishment proceeding, they have not prejudiced Dancy, and he is not entitled to have the judgment reversed. If the bank was complaining, or if Stubbs or the firm of Dancy & Stubbs were parties to the suit and complaining, the ruling might be otherwise.

The judgment is affirmed.

*Affirmed.*